Daniel Feder (SBN 130867)
**LAW OFFICES OF DANIEL FEDER**
332 Pine Street, Suite 700
San Francisco, CA 94104
Telephone: (415) 391-9476
Facsimile: (415) 391-9432

Attorneys for Plaintiff,
CESAR GARCIA

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CESAR GARCIA, an individual,<br><br>Plaintiff,<br><br>v.<br><br>JANI-KING OF CALIFORNIA, INC., a Texas corporation; JANI-KING, INC., a Texas corporation; JANI-KING INTERNATIONAL, INC., a Texas corporation; and DOES 1-100, inclusive,<br><br>Defendants. | **Case No.:** 3:10-cv-05477-MEJ<br><br>**PLAINTIFF'S MOTION FOR TRIAL CONTINUANCE OR IN THE ALTERNATIVE TO MODIFY THE CASE SCHEDULING ORDER**<br><br><br>**Trial Date: June 25, 2012** |

///
///
///

**TO THE COURT AND TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

Pursuant to Local Rule 7-11, Plaintiff CESAR GARCIA ("Plaintiff") files this Motion for Administrative Relief for and order continuing the Trial Date and discovery cut-offs stemming from the trial date or in the alternative to modify its Case Scheduling Order to extend the non-expert discovery cut-off date of December 22, 2011. Good cause exists for the Court to grant this motion. Plaintiff's counsel and Defense counsel engaged in extensive meet and confer efforts to schedule depositions in this matter. Plaintiff noticed three depositions for December 13, 14, and 15, 2011. On December 12, 2011, Defendant produced documents JK Garcia 003683 - JK Garcia 004596 in response to Plaintiff's August 30, 2011 discovery requests. As such, a trial continuance is necessary to allow Plaintiff the opportunity to review the newly produced documents and determine whether any additional depositions are warranted. Nevertheless, despite its recent production, Defendants are unwilling to stipulate to the continuance of the trial date as requested.

This motion is based upon the memorandum of points and authorities and the declaration of Winter L. Hankins, all papers and prior filings herein, and such other oral or documentary evidence that may be presented at the hearing on this application.

Dated:     December 19, 2011                    The Law Offices of Daniel L. Feder


                                                By: _____/s/_____
                                                    Daniel L. Feder, Esq.
                                                    Attorney for Plaintiff

# MEMORANDUM OF POINTS AND AUTHORITIES

Plaintiff CESAR GARCIA ("Plaintiff") is applying for an order continuing the Trial Date and discovery cut-offs stemming from the trial date or in the alternative to extend the discovery cut-off date of December 22, 2011. Good cause exists for the Court to grant this motion.

## I. FACTS

Plaintiff served on Defendants discovery requests, including Requests for Production of documents pursuant to F.R.C.P. Rule 34 on or about August 30, 2011. Dec. of Hankins, ¶2. Defendant's responded to Plaintiff's request on October 2, 2011. And, on or about November 15, 2011, produced bate stamped documents JK Garcia 000001 through JK Garcia 003682 in response to Plaintiff's request. Dec. of Hankins, ¶3. Plaintiff's counsel and Defense counsel engaged in extensive meet and confer efforts to schedule depositions in this matter. Dec. of Hankins, ¶4. As such, Plaintiff noticed three depositions for December 13, 14, and 15, 2011. Dec. of Hankins, ¶4. However, on or about December 12, 2011, Defendant produced documents JK Garcia 003683 - JK Garcia 004596 in response to Plaintiff's August 30, 2011 discovery requests. Dec. of Hankins, ¶ 5. Plaintiff proceeded with his scheduled depositions. Plaintiff has not had sufficient opportunity to review the additional produced documents. The discovery cut-off date is scheduled for December 22, 2011. Dec. of Hankins, ¶6.

Defendant's refuse to stipulate to a continuance of this matter on the grounds that the parties previously stipulated to continuing the fact discovery cut-off date from December 12, 2011 to December 22, 2011. Dec. of Hankins, ¶7. Moreover, Defendants' contend that the newly produced documents are largely duplicative. Dec. of Hankins, ¶7. The parties initial stipulation to extend the discovery cut-off dates by ten days was because the parties agreed upon mediator, Mark Rudy, was not available to mediator the case prior to January 27, 2012. Dec. of Hankins, ¶8. The parties are scheduled to attend mediation with Mark Rudy January 27, 2012.

## II. LAW

Federal Local Rule 7-11 provides that a party may motion for administrative relief with respect to miscellaneous administrative matters, not otherwise governed by federal statute, federal or local rule or standing order of the assigned judge. *See* Local Rule 7-11.

A district court's pretrial scheduling order shall not be modified absent a showing of "good cause." Fed.R.Civ.P. 16(b); *Johnson v. Mammoth Recreations, Inc.,* 975 F.2d 604, 608 (9th Cir.1992). "Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment. The district court may modify the pretrial schedule 'if it cannot reasonably be met despite the diligence of the party seeking the extension.' " *Johnson,* 975 F.2d at 609 (quoting Fed.R.Civ.P. 16 advisory committee's note (1983 amendment)). The focus of the inquiry is on the moving party's reasons for seeking modification, not the prejudice caused to the party opposing the modification. *Id.* If the moving party is not diligent, the inquiry ends. *Id.*

To demonstrate diligence, the moving party may be required to show: (1) that it was diligent in assisting the court in creating a workable Rule 16 scheduling order; (2) that its noncompliance with the scheduling order's deadline occurred or will occur notwithstanding diligent efforts to comply because of "the development of matters which could not have been reasonably foreseen or anticipated at the time of the Rule 16 scheduling conference;" and (3) that it was diligent in seeking amendment of the scheduling order. *Jackson v. Laureate, Inc.,* 186 F.R.D. 605, 608 (E.D.Cal.1999). Finally, the Ninth Circuit has stated that "carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief." *Johnson,* 975 F.2d at 609.

## II.  GOOD CAUSE EXISTS FOR ORDER

**A.  Good Cause Exist To Extend The Trial Date Or In The Alternative To Extend Discovery Cut-off Dates to Permit Plaintiff Additional Time to Review Newly Produced Documents.**

Good cause exists to extend the trial date or in the alternative to extend the discovery cut-off date. Plaintiff's counsel and Defense counsel engaged in extensive meet and confer efforts to schedule depositions in this matter. Plaintiff noticed three depositions for December 13, 14, and 15, 2011. On December 12, 2011, the day before Plaintiff commenced his depositions in this matter, Defendant produced documents JK Garcia 003683 - JK Garcia 004596 in response to Plaintiff's August 30, 2011 discovery requests. Plaintiff did not have adequate opportunity to review the documents prior to taking the depositions or to the discovery cut-off date. As such, a trial continuance or in the alternative a continuance of the discovery cut-off dates is necessary.

**B. Neither Party Will In Any Way Be Prejudiced By the Continuance**

Defendant did not agree to stipulate to a trial continuance in this matter. However, Defendant would in no way be prejudiced by continuance of this matter. Moreover, there has been no previous request for a continuance of the trial date.

**C. Interests of Justice Will be Best Served by Continuance**

Granting Plaintiff a continuance of the trial date or in the alternative the discovery cut-off dates will allow Plaintiff sufficient time to review the additional documents recently produced by Defendant and to conduct any necessary discovery stemming from the production.

### III. CONCLUSION

For all of the foregoing reasons, Plaintiff respectfully requests that the Court grant his Rule 7-11 motion for and order continuing the Trial Date and discovery cut-offs stemming from the trial date or in the alternative to modify its Case Scheduling Order to extend the non-expert discovery cut-off date of December 22, 2011.

Dated: _____12/19/2011_____          Law Offices of Daniel Feder


_____/s/_____
DANIEL FEDER
Attorneys for Plaintiff
CESAR GARCIA